UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
04/11/2018

| | | |
|---|---|---|
| IN RE: | § | |
| EVETTE AMAYA | § | CASE NO: 17-70280 |
| Debtor | § | |
| | § | CHAPTER 13 |

MEMORANDUM OPINION
OVERRULING PROPEL FINANCIAL SERVICES, LLC'S OBJECTION
&
CONFIRMING DEBTOR'S CHAPTER 13 PLAN
*Resolving ECF Nos. 37 & 41*

## I. INTRODUCTION

The Southern District of Texas utilizes a Uniform Chapter 13 Plan and Motion for Valuation of Collateral across its seven Divisions. In the case sub judice, a secured creditor objects to the debtor's chapter 13 plan on two bases: to wit, (i) the plan's purported failure to provide for fixed and equal payments in accordance with 11 U.S.C. § 1325(a)(5)(B)(iii)(I), and (ii) that the plan fails to provide that the creditor shall retain its lien as required by § 1325(a)(5)(B)(i)(II). In addressing this objection, this Court must determine whether (i) pro rata payments to a secured creditor distributed after the chapter 13 trustee fully pays administrative claims violate the equal monthly payment requirement and (ii) whether the debtor's chapter 13 plan appropriately provides for creditors to retain their liens if a case is dismissed or converted prior to completion of the plan.

## II. FINDINGS OF FACT

This Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052, which incorporates Fed. R. Civ. P. 52, and 9014. To the extent that any Finding of Fact constitutes a Conclusion of Law, it is adopted as such. To the extent that any

Conclusion of Law constitutes a Finding of Fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

On July 31, 2017, Evette Amaya ("*Debtor*") filed for bankruptcy under title 11, chapter 13 of the United States Bankruptcy Code. ECF No. 1. On Schedule D, Debtor listed, *inter alia*, a secured claim held by Propel Funding National 1, LLC ("*Propel*") in the amount of $23,963.48 secured by Debtor's homestead. *Id.* at 22. On October 12, 2017, Propel filed its proof of claim asserting a secured claim in the nature of a tax lien in the amount of $25,303.63. Claim No. 8.

On November 20, 2017, Debtor filed her amended chapter 13 plan ("*Plan*"), which provisions for two monthly payments in the amount of $1,100.00 and fifty eight monthly payments in the amount of $1,200.00 for total of sixty monthly Plan payments. ECF No. 37. Paragraph 2 of the Plan provides for Debtor's Counsel's administrative priority claim of $2,968.00 to be paid pro-rata from months one through fifty-eight. *Id.* at 2. Additionally, Paragraph 8 of the Plan provisions for, *inter alia*, the $25,303.63 Propel claim to be paid the contractual rate of interest of 15.90% pro rata from months one through fifty-eight of the Plan for a total of $35,830.70. *Id.* at 6–7. Paragraph 8 of the Plan, *inter alia*, provides that "Subject to disposition of a timely motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim." *Id.* at 6.

On November 21, 2017, Propel filed its Objection to Debtor's Plan ("*Objection*"). ECF No. 41. Propel grounded its Objection on two points: to wit, (i) the Plan does not provide fixed and equal payments to Propel in accordance with 11 U.S.C. § 1325(a)(5)(B)(iii)(I) and (ii) the Plan does not provide that if the case is dismissed or converted that Propel shall retain its lien in

accordance with 11 U.S.C. § 1325(a)(5)(B)(i)(II).  *Id.*

On November 30, 2017, this Court conducted a hearing on both confirmation of Debtor's Plan and Propel's Objection.  Both Debtor and the chapter 13 Trustee ("*Trustee*") argued against Propel's Objection and in support of confirmation.  Regarding the lien retention language in the Plan, the Parties contemplated filing a motion to include non-standard language in the Plan. After hearing arguments, the Court abated confirmation and ordered briefing from the parties. On December 13, 2017, Propel filed its Brief in Support of its Objection ("*Propel's Brief*"). ECF No. 48.  On January 10, 2018, Debtor filed her Brief in Support of the Plan ("*Debtor's Brief*").  ECF No. 49.  On January 18, 2018, Trustee filed its Brief in Support of Confirmation ("*Trustee's Brief*").  ECF No. 50.  Briefing has now closed and the matter is ripe for consideration.

### III. CONCLUSIONS OF LAW

**A.  Jurisdiction & Venue**

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11."  Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.  28 U.S.C. § 157(a); *see also* In re: Order of Reference to Bankruptcy Judges, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).  This is a core matter as it concerns confirmation of a chapter 13 plan.  § 157(b)(2)(L); s*ee also In Re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999).[1]

This Court may only hear a case in which venue is proper.  28 U.S.C. § 1408.  Debtor resides in Pharr, Texas.  ECF No. 1 at 2.  Therefore, venue is proper.

---

[1] "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."

### B. Constitutional Authority to Enter a Final Order

This Court has an independent duty to evaluate whether it has the constitutional authority to sign a final order. *Stern v. Marshall*, 564 U.S. 462 (2011). *But see Wellness Int'l Network v. Sharif*, 135 S. Ct. 1932, 1938-39 (2015) (holding that parties may consent to jurisdiction on non-core matters). As confirmation of a chapter 13 plan is a core matter, this Court may enter a final order in this matter. *Stern*, 564 U.S. at 473–74.

### C. Debtor's Plan Appropriately Provides for Equal Monthly Payments in Accordance With § 1325(a)(5)(B)(iii)(I)

The overarching question before this Court is whether Debtor's Plan can be confirmed over Propel's Objection, which is two-fold. First, Propel complains that Debtor's Plan fails to provide for "the Lender to receive fixed and equal payments." ECF No. 41. Propel's Objection is based upon the allegation that Debtor's Plan proposal to pay Propel's claim with interest, pro-rata over a period of 58 months rather than in fixed, equal monthly payments from month one, coupled with Trustee's policy of paying administrative claims prior to distributing funds, pro rata, to creditors violates the equal monthly payment requirement of § 1325(a)(5)(B)(iii)(I). This Court must determine whether pro rata payments to Propel distributed after Trustee fully pays administrative claims violate the equal monthly payment requirement of § 1325(a)(5)(B)(iii)(I). *See id.*

It is undisputed that a bankruptcy court shall confirm a chapter 13 plan if, *inter alia*, the plan provides, with respect to each allowed secured claim, that "if the property to be distributed pursuant to this subsection is in the form of periodic payments such payments shall be in equal monthly amounts." 11 U.S.C. § 1325(a)(5)(B)(iii)(I); *In re Foster*, 670 F.2d 478, 486 (5th Cir. 1982). In the case of a chapter 13 plan, the "property to be distributed" is the payments made by the debtor to the chapter 13 trustee. *See* 11 U.S.C. § 1326(a)(1)(a). In order to be confirmed,

however, a chapter 13 plan, inter alia, must balance the distributions to priority, secured, and general unsecured creditors in accordance with the requirements of the Code. § 1325.

A debtor's attorney fees are considered to be administrative priority claims and have priority above other claims, after claims for domestic support obligations. 11 U.S.C. § 507(a)(2). "Before or at the time of each payment to creditors under the plan, there shall be paid any unpaid claim of the kind specified in section 507(a)(2)." § 1326(b)(1). The plain language of § 1326(b)(1) "prohibits the chapter 13 trustee from making any payments to creditors under the plan until the § 507(a)(2) payments have been made . . . [,which] means that a creditor is not to receive a distribution under the plan unless certain priority claims are paid first, or simultaneously." *In re DeSardi*, 340 B.R. 790, 808 (Bankr. S.D. Tex. 2006). Although there is contrasting authority, this Court finds that the plain language of the statute "requires full payment of any administrative claim before (or at the time of) general payments should commence under a chapter 13 plan." *Id.* at 809. *But see In re Balderas*, 328 B.R. 707, 717 (Bankr. W.D. Tex. 2005) (finding that § 1326(b)(1) only requires partial payment of § 507(a)(2) claims).

The prevailing authority in the Southern District of Texas on the equal payment provision of § 1325 is *In re DeSardi*. Considering the statutory construction of § 1325(a)(5)(B)(iii)(I), our sister court determined that the equal monthly amount clause "require[s] payments to be equal once they begin, and to continue to be equal until they cease," but does not require equal payments to begin during the first month of the plan. *In re DeSardi*, 340 B.R. at 805. The court determined that Congress did not explicitly require equal monthly payments to occur "during the period of the plan." *Id.* (citing 8 Collier on Bankruptcy ¶ 1325.06[3][b][ii][A]. p, 1325–39 (15th ed. rev'd 2006) for the proposition that "[t]here also does not seem to be any requirement that the

equal monthly amounts extend throughout the plan"). The court held that "the equal payment provision requires that payments be level once they begin and terminate once the lender is fully paid[, but e]xactly when these level payments begin is case-specific." *In re DeSardi*, 340 B.R. at 806.

Here, Debtor's Plan proposes to pay, *inter alia*, the claims of Debtor's Counsel and Propel from months one through fifty-eight. ECF No. 37. Paragraph 2 of the Plan reads as follows:

> From the payments made by the Debtor(s) to the Trustee, the Trustee shall pay in full, all claims entitled to priority under § 507. Payments shall be made in the order of priority set forth in § 507(a) and § 507(b). Payments of equal priority shall be made pro rata to holders of such claims. Priority claims arising under § 503(b)(2) shall be paid only after entry of an order by the Bankruptcy Court approving payment of the claim.

*Id.* at 2. The Plan explicitly proposes to pay Propel's claim beginning in month one on a pro rata basis. *Id.* at 7. Propel's Objection stems, in part, from Trustee's policy of paying administrative priority claims in full—such as Debtor's Counsel's claim—prior to paying other creditors. ECF No. 48 at 4. Propel contends that Trustee's policy results in Propel receiving $0.00 for several months until the administrative claims are paid, thereby violating the "equal payment" provision of § 1325. *Id.* Propel argues that the only way to reconcile the "equal payment" provision of § 1325 with the requirement to pay administrative claims of § 1326(b) is to simultaneously pay administrative claims and secured claims beginning at the first month of the Plan. ECF No. 48 at 3–5.

Propel's reconciliation of the Code is erroneous. This Court agrees with our learned sister court and will not read extraneous language into the Code. *See In re DeSardi*, 340 B.R. at 806. The plain language of § 1326(b) requires full payment of administrative claims prior to—or simultaneously with—payments to other creditors; whereas, the plain language of

§ 1325(a)(5)(B)(iii)(I) does not include a requirement for equal payments to begin in the first month of the plan. While the Code does not prohibit equal monthly payments beginning in the first month of a chapter 13 plan and continuing until month sixty, this Court finds that Debtor's Plan does not violate § 1325(a)(5)(B)(iii)(I) because it explicitly provides for pro rata payments to be made from months one through fifty-eight. *See In re DeSardi*, 340 B.R. at 806.

Propel's Objection largely focuses on Trustee's internal distribution procedures. ECF No. 48. Trustee is required to retain plan payments until confirmation—with the exception of adequate protection and ongoing home mortgage payments—and after confirmation "shall distribute any such payment *in accordance with the plan* as soon as practicable." § 1326(a)(2) (emphasis added). Here, Trustee distributed payments to Debtor's Counsel prior to confirmation and has chosen to utilize a procedure to pay Debtor's Counsel in full up front prior to beginning equal distributions to Propel and other creditors. Trustee is also required to pay any unpaid § 507(a)(2) claim "before or at the time of each payment to creditors under the plan." § 1326(b)(1). The Court will not direct Trustee to distribute plan payments in a rigid manner because of the flexibility of individual chapter 13 plans; however, Trustee must balance her directives under the Code and make distributions in accordance with the terms of a confirmed plan while also ensuring administrative claims receive priority. *Compare* § 1326(a)(2) *with* § 1326(b)(1). Irrespective of Trustee's distribution procedures, Debtor's Plan provides for Propel to be paid pro rata in months one through fifty-eight. ECF No. 37 at 7. An objection to confirmation must be based on the actual terms of a chapter 13 plan and not a chapter 13 trustee's internal procedures. *See* § 1325.

Propel's Objection to Debtor's Plan is also based on Debtor's proposition to distribute on a "pro rata" basis rather than specified, equal monthly payments. ECF No. 41. As discussed

above, secured creditors must receive equal monthly payments once the payments begin. *In re DeSardi*, 340 B.R. at 806. Although secured creditors are required to receive "equal monthly payments," a plan that provides for "periodic 'pro rata' payments does not necessarily result" in a violation of § 1325. *In re Chavez*, 2008 WL 624566, at *2 (Bankr. S.D. Tex. Mar. 5, 2008). Our sister court determined that pro rata payments satisfied the equal monthly payment requirement when "the monthly plan payment and fixed amounts to be deducted therefrom remain[ed] the same" throughout the payment period. *Id.*

Irrespective of the requirements a debtor must abide by to confirm a plan, the chapter 13 trustee must follow the Code. § 1326(a)(2) ("If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable."). In a chapter 13 bankruptcy, the debtor submits payments to the chapter 13 trustee and "[t]he trustee shall make payments to creditors under the plan." § 1326(c). Courts following the reasoning of *DeSardi* have noted that § 1325(a)(5)(B)(iii) only requires a debtor "to make equal monthly payments to the plan, . . . not to a particular creditor." *In re Marks*, 349 B.R. 198, 205 (Bankr. N.D. Ill. 2008). A debtor submits the monthly plan payments to the chapter 13 trustee, who in turn distributes those funds to the debtor's creditors. § 1326. "Sections 1322 and 1325 concern the contents of a plan and what a *debtor* must do to have a plan confirmed;" whereas, § 1326 provides few directives to the chapter 13 trustee to indicate "an intent to repose broad discretion in trustees for the administration of plans." *In re Butler*, 403 B.R. 5, 14-15 (Bankr. W.D. Ark. 2009); *see also In re Marks*, 349 B.R. at 205 ("Moreover, the trustee is not obligated to disburse equal monthly payments to the creditor because of the trustee's duty to pay priority claims.").

For the first two months of Debtor's Plan, Debtor will make equal payments of $1,100.00 to Trustee, and beginning in month three of Debtor's Plan, Debtor will make equal monthly

payments of $1,200.00 to Trustee that will continue until month sixty.  ECF No. 37 at 1.  The Plan pays Debtor's secured creditors throughout the life of the Plan and does not propose a balloon payment.  *See id.*  This Court finds that Debtor's proposal to continue making equal monthly payments of  $1,100.00 and $1,200.00, respectively, to the same creditors throughout the life of the Plan satisfies Debtor's duty to make equal monthly payments pursuant to § 1325(a)(5)(B)(iii)(I).  *In re Chavez*, 2008 WL 624566, at *2.

Further, this Court agrees with the reasoning in *Marks* and *Butler*.  Propel's Objection conflates the requirements to confirm a plan with Trustee's duties to distribute payments to creditors.  *Compare* § 1325 *with* § 1326.  Trustee is not governed by the requirements of § 1325 when making plan distributions, but rather is governed by § 1326 and is well within the confines of the Code to distribute payments to creditors on a pro-rata basis.  *See In re Butler*, 403 B.R. at 14-15; *In re Marks*, 349 B.R. at 205.  Therefore, this Court finds that Propel's Objection as to § 1325(a)(5)(B)(iii)(I) should be overruled because Debtor's Plan provides for equal monthly payments.

### D. Debtor's Plan Provides that Propel Shall Retain Its Lien

Additionally, Propel objects to Debtor's Plan because it does not comply with § 1325(a)(5)(B)(i)(II) by providing that Propel shall retain its lien in case Debtor's case is dismissed or converted.  At the November 30, 2017 confirmation hearing, the parties contemplated filing a motion for non-standard language to note that creditors shall retain their lien to the extent recognized by applicable nonbankruptcy law if the case is dismissed or converted without completion of the Plan.  However, as of the time, Debtor has not filed a motion for non-standard language.  Irrespective of the comments made at the confirmation hearing, this Court considers whether the existing language in Debtor's Plan satisfies the

requirements of § 1325(a)(5)(B)(i)(II).

A chapter 13 plan shall provide that "if the case . . . is dismissed or converted without completion of the plan," the secured creditor shall retain that lien to "the extent recognized by applicable nonbankruptcy law." § 1325(a)(5)(B)(i)(II). Paragraph 8 of Debtor's Plan—which contains treatment of Propel's claim—provides as follows:

> Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, *each secured creditor shall retain the lien securing its claim*. The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan. The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

ECF No. 37 at 6 (emphasis added). In this case, Debtor has not filed a motion to avoid Propel's lien nor has she filed an adversary to challenge the extent or validity of Propel's lien. The Court agrees with Propel's contention that a chapter 13 plan must provide that secured creditors retain their lien in accordance with the Code. § 1325(a)(5)(B)(i)(II). However, the Court finds that the existing language in the Plan satisfies the requirements of § 1325(a)(5)(B)(i)(II).

The Plan explicitly states that "each secured creditor shall retain the lien securing its claim." ECF No. 37 at 6. Although Paragraph 8 of the instant Plan does not directly track the language of § 1325(a)(5)(B)(i)(II), the plain language of the Plan requires and ensures that secured creditors retain their liens, which would include Propel retaining its lien in the case of dismissal or conversion. Moreover, the Court shall confirm a plan that "has been proposed in good faith and not by any means forbidden by law." § 1325(a)(3). Debtor's Plan proposes that secured creditors retain their liens in accordance with the Code and therefore does not propose anything forbidden by law. ECF No. 37 at 6. There is no evidence—nor does Propel suggest—that Debtor filed her Plan in bad faith. Therefore, this Court finds that Propel's Objection should be overruled because Debtor's Plan satisfies the requirement of § 1325(a)(5)(B)(i)(II).

## IV. CONCLUSION

Each time a chapter 13 plan is brought before this Court, the Court is tasked with determining whether the plan complies with the requirements of the Code. In this case, Propel objected to Debtor's Plan on the basis that it did not comply with the requirements of § 1325(a)(5)(B)(iii)(I) and § 1325(a)(5)(B)(i)(II), respectively. This Court found that the Plan satisfies the equal monthly payment requirement of § 1325(a)(5)(B)(iii)(I) by provisioning for pro rata payments to secured creditors. Further, this Court found that the Plan adequately provides that Propel—and all other secured creditors—retain their lien in accordance with § 1325(a)(5)(B)(i)(II). Thus, Debtor's Plan complies with the requirements of § 1325 and this Court must confirm the Plan. *In re Foster*, 670 F.2d at 486. Accordingly, Propel's Objection is hereby OVERRULED and Debtor's Plan is CONFIRMED.

An Order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED 04/11/2018.

                                                           Eduardo V. Rodriguez
                                                    United States Bankruptcy Judge